1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   TERRENCE LAMONT DAVIS,                    No.  2:14-cv-0404-EFB P

12                 Plaintiff,

13        v.                                   ORDER GRANTING IFP AND DISMISSING
                                               COMPLAINT WITH LEAVE TO AMEND
14   HIGH DESERT STATE PRISON, et al.,

15                 Defendants.

16

17        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

18   U.S.C. § 1983.  In addition to filing a complaint, he has filed an application for leave to proceed

19   in forma pauperis and a request for appointment of counsel.

20   **I.      Request to Proceed In Forma Pauperis**

21        Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

22   Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

23   Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect

24   and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C.

25   § 1915(b)(1) and (2).

26   **II.     Request for Appointment of Counsel**

27        Plaintiff requests that the court appoint counsel.  District courts lack authority to require

28   counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist.*

                                               1

1    *Court*, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney

2    to voluntarily to represent such a plaintiff.  *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935

3    F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

4    When determining whether "exceptional circumstances" exist, the court must consider the

5    likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro

6    se in light of the complexity of the legal issues involved.  *Palmer v. Valdez*, 560 F.3d 965, 970

7    (9th Cir. 2009).  Having considered those factors, the court finds there are no exceptional

8    circumstances in this case.

9    **III.     Screening Requirement and Standards**

10   Federal courts must engage in a preliminary screening of cases in which prisoners seek

11   redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

12   § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

13   of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

14   relief may be granted," or "seeks monetary relief from a defendant who is immune from such

15   relief."  *Id.* § 1915A(b).

16   A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)

17   of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and

18   plain statement of the claim showing that the pleader is entitled to relief, in order to give the

19   defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.

20   Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

21   While the complaint must comply with the "short and plain statement" requirements of Rule 8, its

22   allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 129 S.

23   Ct. 1937, 1949 (2009).

24   To avoid dismissal for failure to state a claim a complaint must contain more than "naked

25   assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of

26   action."  *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of

27   a cause of action, supported by mere conclusory statements do not suffice."  *Ashcroft v. Iqbal*,

28   129 S. Ct. at 1949.

1   Furthermore, a claim upon which the court can grant relief must have facial plausibility.

2   *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual

3   content that allows the court to draw the reasonable inference that the defendant is liable for the

4   misconduct alleged."  *Iqbal*, 129 S. Ct. at 1949.  When considering whether a complaint states a

5   claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*

6   *Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to

7   the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

8   **IV.     Screening Order**

9   The court has reviewed plaintiff's complaint pursuant to § 1915A and finds it must be

10  dismissed with leave to amend because it does not comply with Rule 8, and thus, fails to state a

11  claim upon which relief may be granted.

12  Plaintiff's claim, as alleged in the rambling and repetitive complaint exceeding 60 pages

13  in length, appears to be that the prison kitchen, where plaintiff was assigned to work as a cook,

14  does not comply with the requirements of the Americans with Disabilities Act ("ADA"), and that

15  plaintiff was forced to take a lower paying job because the prison would not accommodate his

16  disability.  Rule 8, however, requires the pleader to set forth his averments in a simple, concise,

17  and direct manner.  Plaintiff has not done so in his complaint.

18  In the caption, plaintiff lists the defendants as High Desert State Prison, Young, Pribble,

19  Supervisor (Cook), and Dragoin.  Throughout the 60-page complaint, however, plaintiff refers to

20  at least 12 other individuals or entities as defendants.  As drafted, the complaint hardly provides

21  defendants with "fair notice" of plaintiff's claims against them.  Nor is it apparent who the

22  intended defendants actually are.

23  Rather than submitting a "short and plain statement" of his claims, plaintiff has submitted

24  a complaint that is so prolix and convoluted that the court cannot reasonably discharge its

25  screening responsibility under § 1915A. Plaintiff must therefore file an amended complaint that

26  complies with the pleading requirements set forth in Rule 8.  *See McNeil v. United States*, 508

27  U.S. 106, 113 (1993) (federal rules apply to all litigants, including prisoners lacking access to

28  counsel); *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) (encouraging "firm application" of

1   federal rules in prisoner cases); *McHenry v. Renne*, 84 F.3d 1172, 1177-78 (9th Cir. 1996)

2   (affirming Rule 8 dismissal of complaint that was "argumentative, prolix, replete with

3   redundancy, and largely irrelevant" and providing an example of a properly pleaded claim, which

4   could be "read in seconds and answered in minutes").

5          Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair

6   notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev.*

7   *Agency*, 733 F.2d 646, 649 (9th Cir. 1984). In an amended complaint, plaintiff need only provide

8   a short and plain statement of his claim(s) showing that he is entitled to relief. Should plaintiff

9   choose to file an amended complaint, the amended complaint must clearly set forth the claims and

10  allegations against each defendant. It must also adhere to the following requirements:

11         Any amended complaint must identify as a defendant only persons who personally

12  participated in a substantial way in depriving him of a federal constitutional right. *Johnson v.*

13  *Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a

14  constitutional right if he does an act, participates in another's act or omits to perform an act he is

15  legally required to do that causes the alleged deprivation).

16         It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

17         Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *George*

18  *v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

19         Any amended complaint must be written or typed so that it so that it is complete in itself

20  without reference to any earlier filed complaint. L.R. 220.  This is because an amended

21  complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the

22  earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114

23  F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter

24  being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.

25  1967)).

26         The court cautions plaintiff that failure to comply with the Federal Rules of Civil

27  Procedure, this court's Local Rules, or any court order may result in this action being dismissed.

28  *See* E.D. Cal. L.R. 110.

4

1     In addition, plaintiff is hereby informed of the standards governing claims brought

2 pursuant to 42 U.S.C. § 1983 and the ADA.

3     To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1)

4 that a right secured by the Constitution or laws of the United States was violated, and (2) that the

5 alleged violation was committed by a person acting under the color of state law. *West v. Atkins*,

6 487 U.S. 42, 48 (1988). An individual defendant is not liable on a civil rights claim unless the

7 facts establish the defendant's personal involvement in the constitutional deprivation or a causal

8 connection between the defendant's wrongful conduct and the alleged constitutional deprivation.

9 *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44

10 (9th Cir. 1978).

11     Plaintiff may not sue any official on the theory that the official is liable for the

12 unconstitutional conduct of his or her subordinates. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948

13 (2009). Rather, a plaintiff must plead that each defendant, through his own individual actions,

14 has violated the Constitution. *Id.* It is plaintiff's responsibility to allege facts to state a plausible

15 claim for relief. *Iqbal*, 129 S. Ct. at 1949; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir.

16 2009).

17     To state a claim for violation of the right to procedural due process, plaintiff must allege

18 facts showing: "(1) a deprivation of a constitutionally protected liberty or property interest, and

19 (2) a denial of adequate procedural protections." *Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir.

20 2003). Plaintiff does not have a property or liberty interest in a prison job that is protected by the

21 Due Process Clause. *Walker v. Gomez*, 370 F.3d 969, 973 (9th Cir. 2004).

22     Title II of the Americans with Disabilities Act ("ADA"), prohibits a public entity from

23 discriminating against a qualified individual with a disability on the basis of disability. 42 U.S.C.

24 § 12132. In order to state a claim that a public program or service violated Title II of the ADA, a

25 plaintiff must show: (1) he is a "qualified individual with a disability"; (2) he was either excluded

26 from participation in or denied the benefits of a public entity's services, programs, or activities, or

27 was otherwise discriminated against by the public entity; and (3) such exclusion, denial of

28 benefits, or discrimination was by reason of his disability. *McGary v. City of Portland*, 386 F.3d

1259, 1265 (9th Cir. 2004); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 691 (9th Cir. 2001) ("If a public entity denies an otherwise 'qualified individual' 'meaningful access' to its 'services, programs, or activities' 'solely by reason of' his or her disability, that individual may have an ADA claim against the public entity.").

The ADA authorizes suits by private citizens for money damages against public entities, *United States v. Georgia*, 546 U.S. 151, 153 (2006), and state prisons "fall squarely within the statutory definition of 'public entity.'" *Pennsylvania Dep't. of Corrs. v. Yeskey*, 524 U.S. 206, 210 (1998). "To recover monetary damages under Title II of the ADA . . . , a plaintiff must prove intentional discrimination on the part of the defendant." *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001). The standard for intentional discrimination is deliberate indifference, which "requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood." *Id.* at 1139.

"In suits under Title II of the ADA . . . the proper defendant usually is an organization rather than a natural person. . . . Thus, as a rule, there is no personal liability under Title II." *Roundtree v. Adams*, No. 1:01-cv-06502-OWW-LJO, 2005 U.S. Dist. LEXIS 40517, at *22 (E.D. Cal. Dec. 1, 2005) (quotations and citations omitted). Indeed, a plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in his individual capacity to vindicate rights created by Title II of the ADA. *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002). Thus, an ADA plaintiff may seek injunctive relief against an individual defendant only if the defendant is sued in his or her official capacity. *Miranda B. v. Kitzhaber*, 328 F.3d 1181, 1187-88 (9th Cir. 2003).

### V.   Summary of Order

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's request to proceed in forma pauperis (ECF Nos. 6, 7, 9) is granted.

2.  Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  Plaintiff's request for appointment of counsel (ECF No. 2) is denied.

1       4.  The complaint is dismissed with leave to amend within 30 days.  The amended

2  complaint must bear the docket number assigned to this case and be titled "First Amended

3  Complaint."  Failure to comply with this order will result in dismissal of this action for failure to

4  state a claim.  If plaintiff files an amended complaint stating a cognizable claim the court will

5  proceed with service of process by the United States Marshal.

6  Dated: September 29, 2014.

                                            EDMUND F. BRENNAN
                                            UNITED STATES MAGISTRATE JUDGE